**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **BASIR AHMED AHMADI,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2490-KC** |
| | § | |
| **WARDEN, EL PASO CAMP EAST MONTANA, et al.** | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER**

On this day, the Court considered Basir Ahmed Ahmadi's Petition for a Writ of Habeas Corpus, ECF No. 1. Ahmadi is detained at Camp East Montana in El Paso, Texas. Pet. ¶ 2. He argues that his detention is unlawful and asks the Court to order his release, as well as to enjoin his transfer outside of the District. *Id.* at 12–13.

Ahmadi, a citizen of Afghanistan, presented himself to immigration authorities at the United States border on January 11, 2025, after fleeing persecution by the Taliban. Pet. ¶¶ 17–18. Upon presenting himself at a port of entry on January 11, Ahmadi was immediately detained and has remained in ICE custody since that date. *Id.* ¶ 18. On July 14, 2025, he was issued a negative credible fear determination. *Id.* ¶ 19. And on December 3, 2025, he was ordered removed from the country. *Id.* He argues that there is no significant likelihood of his removal in the reasonably foreseeable future. *Id.* ¶¶ 5, 31–32.

"[A]n alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Once a habeas application is filed, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not

entailed thereto." The statute also provides that a response to the writ or show cause order "shall be returned within three days," unless the court finds good cause to extend the deadline. 28 U.S.C. § 2243.

Generally, when a noncitizen is ordered removed from the United States, removal should occur within ninety days. 8 U.S.C. § 1231(a)(1)(A). That removal period ordinarily begins when the noncitizen is subject to a final order of removal. *See id.* § 1231(a)(1)(B). During this removal period, "the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). The removal period may be extended in at least three circumstances. Relevant here, a noncitizen may be detained beyond the removal period if he is "(1) inadmissible, (2) removable as a result of violations of status requirements, entry conditions, or the criminal law, or for national security or foreign policy reasons, or (3) a risk to the community or unlikely to comply with the removal order." *Johnson v. Guzman Chaves*, 594 U.S. 523, 528–29 (2021) (citing 8 U.S.C. § 1231(a)(6)).

If any of these grounds apply, the statute imposes no limit on the time a person may be detained. Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem" the Supreme Court has "read an implicit limitation" into the statute and has held that a noncitizen may only be detained for "a period reasonably necessary" to effectuate their removal. *Zadvydas*, 533 U.S. at 689–90. This period is presumptively six months. *Id.* at 701. After the presumptively reasonable period and once the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must rebut this showing or release the noncitizen. *Id.*

Ahmadi alleges that he has been detained for nearly ten months since entry of his final removal order, and for nearly twenty-one months in total. *See id.* ¶ 22. He alleges that "there is no significant likelihood of [his] removal to Afghanistan in the reasonably foreseeable future in

light of the lack of diplomatic cooperation between the United States and Taliban-controlled Afghanistan and considering Respondents' failure to indicate that [he] will be removed at any point in the foreseeable future." *Id.* ¶ 5; *see also id.* ¶¶ 31–32. If these allegations are true, Ahmadi likely meets his burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 689–90. Thus, Respondents must rebut this showing by either demonstrating that Ahmadi's removal is likely in the reasonably foreseeable future or deporting him.

Ahmadi also asks that Respondents be prevented from transferring him outside of the Western District of Texas while his case is pending. Pet. 13. To the extent that Ahmadi seeks to prevent his removal during the pendency of his case, this request is at odds with the basis of his claims—that his removal is not reasonably foreseeable. *See* Pet. ¶¶ 5, 31–32; *Zadvydas*, 533 U.S. at 689–90. Ahmadi's removal would be permissible and would moot this case. As for transfer within the United States, Ahmadi's transfer to another facility may allow him to be more feasibly removed from the country. Transportation to a different facility would not divest this Court of jurisdiction over the habeas Petition. *See Nguyen v. Bondi*, No. 3:25-cv-323-KC, 2025 WL 3120516, at *3 (W.D. Tex. Nov. 7, 2025). Accordingly, the Court declines to exercise its discretion to prevent transfer at this time.

Accordingly, the Court **ORDERS** that Respondents shall **SHOW CAUSE** by **no later than October 13, 2026**, why the application for a writ of habeas corpus should not be granted and specify:

(1) What concrete steps have been taken to effectuate Ahmadi's removal,

(2) What obstacles exist to effectuating Ahmadi's removal, such as issuance of travel documents, or identifying a country for removal,

(3) What concrete steps have been taken to address the existing obstacles, and

(4) The anticipated timeline for Ahmadi's removal from the United States.

The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**IT IS FURTHER ORDERED** that if any deadline set in this Order falls on a weekend or holiday, that deadline is extended to the following business day.

**SO ORDERED**.

**SIGNED this 6th day of October, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE