**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **BASIR AHMAD AHMADI,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2490-KC** |
| | § | |
| **WARDEN, EL PASO CAMP EAST MONTANA, et al.,** | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Basir Ahmad Ahmadi's Motion for a Temporary Restraining Order, ECF No. 12. Ahmadi is a citizen of Afghanistan subject to a final order of removal. Pet. ¶ 19, ECF No. 1. He now alleges that the Government is planning to carry out a third-country removal to Pakistan in early November. Mot. 4. He fears that he will be mistreated in Pakistan, *id.* at 6, and that Pakistan will "arrest [him] and turn him over to the Taliban in Afghanistan," *id.* at 2. He challenges his impending removal on due process grounds and asks the Court to enjoin Respondents from deporting him to any third country without first giving him a credible-fear interview. *Id.* at 12; Proposed Order 3, ECF No. 12-2. He also requests that the Court enjoin Respondents from removing him to any country until Respondents provide proof that they have secured "the appropriate travel documents" from the receiving jurisdiction. Mot. 12; Proposed Order 3.

A party seeking a temporary restraining order must show a likelihood of success on the merits, among other requirements. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (quoting *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009)). A plaintiff's likelihood of success on the merits is determined by reference to the applicable substantive law. *William E. McBryde, Inc. v.*

*Rodriguez*, No. 7-CV-143, 2007 WL 628793, at *2 (W.D. Tex. Feb. 13, 2007) (quoting *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997)).

"[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Any "request for stay of removal is a challenge to a removal order" and therefore not within district courts' jurisdiction under § 1252(g). *Gakou v. Warden of the Prairieland Det. Ctr.*, --- F.4th ----, 2026 WL 3044209, at *1 (5th Cir. Oct. 10, 2026) (quoting *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (per curiam)). And "the Supreme Court has effectively ratified third-country removal[s]" similar to the one that Ahamdi faces, so the prospect of removal to Pakistan instead of Afghanistan does not entitle him to a stay, either. *Id.* Ahmadi's counsel does not acknowledge § 1252(g) or *Gakou* and does not offer any argument that they do not govern this case.

Because the Court lacks jurisdiction to stay Ahmadi's removal, the Motion, ECF No. 12, is **DENIED**.

**SO ORDERED**.

**SIGNED this 29th day of October, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE